*In re* MARRIAGE OF JENNIFER PETERS-FARRELL, Petitioner-Appellant, and THOMAS PETERS-FARRELL, Respondent-Appellee.

First District (3rd Division)    No. 1—02—2140

Opinion filed December 31, 2003.

604

Enrico Mirabelli and Matthew Arnoux, both of Nadler, Pritikin & Mira-belli, of Chicago, for appellant.

Rebecca B. Feinberg and Sharon M. Warning, both of Lake, Toback & Yavitz, of Chicago, for appellee.

JUSTICE HALL delivered the opinion of the court:

This case comes before us as a permissive appeal of a certified question pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). The question certified arose during a dissolution of marriage proceeding in which the respondent, Thomas Peters-Farrell (Thomas), served subpoenas on three drugstores seeking prescription records for the petitioner, Jennifer Peters-Farrell (Jennifer). The circuit court denied Jennifer's motion to quash the subpoenas but certified the following question to this court.

"Are requests for pharmaceutical records from pharmacy protected under the Illinois Mental Health and Developmental Disabilities [Confidentiality] Act?"

This court allowed the appeal pursuant to Rule 308.

## FACTS

On May 29, 2002, Jennifer filed a motion to quash three subpoenas issued by Thomas to three drugstores to produce their prescription records for Jennifer, including the name of the medication, what the medication was used to treat, the dosage, the refill history, a copy of the prescription and any other related records.

On July 18, 2002, the circuit court denied Jennifer's motion to quash the subpoenas but, pursuant to Rule 308, certified the question as to whether pharmaceutical records are protected under the Mental Health and Developmental Disabilities Confidentiality Act (the Confidentiality Act) (740 ILCS 110/1 *et seq.* (West 2000)).

On September 18, 2002, this court allowed the appeal.

## ANALYSIS

The plaintiff contends that requests for pharmaceutical records from pharmacies are protected under the Confidentiality Act. This issue has not previously been decided, and its determination requires that this court construe the Confidentiality Act.

### I. Standard of Review

■ Issues as to statutory construction are reviewed *de novo*. *Revolution Portfolio, LLC v. Beale*, 332 Ill. App. 3d 595, 600, 774 N.E.2d 14, 19 (2002).

### II. The Confidentiality Act

■ The following sections of the Confidentiality Act are pertinent to the issue in this case:

" 'Mental health or developmental disabilities services' or

'services' includes but is not limited to examination, diagnosis, evaluation, treatment, training, *pharmaceuticals,* aftercare, habilitation or rehabilitation." (Emphasis added.) 740 ILCS 110/2 (West 2000).

" 'Recipient' means a person who is receiving or has received mental health or developmental disabilities services." 740 ILCS 110/2 (West 2000).

" 'Record' means any record kept by a therapist or *by an agency in the course of providing mental health or developmental disabilities service* to a recipient concerning the recipient and the services provided. 'Records' includes all records maintained by a court that have been created in connection with, in preparation for, or as a result of the filing of any petition or certificate under Chapter II, Chapter III, or Chapter IV of the Mental Health and Developmental Disabilities Code and includes the petitions, certificates, dispositional reports, treatment plans, and reports of diagnostic evaluations and of hearings under Article VIII of Chapter III or under Article V of Chapter IV of that Code. Record does not include the therapist's personal notes, if such notes are kept in the therapist's sole possession for his own personal use and are not disclosed to any other person, except the therapist's supervisor, consulting therapist or attorney. If at any time such notes are disclosed, they shall be considered part of the recipient's record for purposes of this Act." (Emphasis added.) 740 ILCS 110/2 (West 2000).

### III. Discussion

Pursuant to the Confidentiality Act and subject to enumerated exceptions not relevant in this case, Jennifer has the privilege to refuse to disclose and to prevent disclosure of her mental health records and communications. See 740 ILCS 110/10 (West 2000). She argues that her pharmaceutical records are mental health records and therefore are protected from disclosure pursuant to section 10 of the Confidentiality Act.

Thomas responds that pharmacists and their records are not covered by the Confidentiality Act. He notes that the Confidentiality Act does not refer to pharmacists in its definition of therapists. See 740 ILCS 110/2 (West 2000); see also *Suarez v. Pierard,* 278 Ill. App. 3d 767, 663 N.E.2d 1039 (1996) (rejecting the argument that a pharmacist is a therapist because he dispenses pharmaceuticals).

However, the fact that a pharmacist is not a therapist and therefore not a provider of mental health services under the Confidentiality Act is not determinative of the issue before us. We must determine if pharmacy records are records kept by an agency, as opposed to a therapist, which provides mental health services.

■ The legislative intent of a statute is best determined from the plain and ordinary meaning of the statutory language. *Reda v. Advocate Health Care*, 199 Ill. 2d 47, 55, 765 N.E.2d 1002, 1007 (2002). If the legislative intent is clear from the statutory language, the court must confine its inquiry to a consideration of that language and must not look to extrinsic aids. *Reda*, 199 Ill. 2d at 55, 765 N.E.2d at 1007. However, if the statutory language is susceptible of more than one interpretation, the court may look beyond the language to consider the purposes of the statute. *Reda*, 199 Ill. 2d at 55, 765 N.E.2d at 1007. In that event, the court may look beyond the language to consider the purpose of the statute. *Reda*, 199 Ill. 2d at 55, 765 N.E.2d at 1007. The court may ascertain legislative intent by considering the objects of the law and the evils it seeks to remedy. *People v. Gemeny*, 313 Ill. App. 3d 902, 907, 731 N.E.2d 844, 849 (2000).

Under the definitions in the Act, "record" includes any record kept, not just by a therapist, but also by "an agency in the course of providing mental health *** service to a recipient concerning the recipient and the services provided." 740 ILCS 110/2 (West 2000). Such "services" include "pharmaceuticals." 740 ILCS 110/2 (West 2000).

■ The term "agency" is not defined by the Act. "Agency" is defined as "an establishment engaged in doing business for another <an advertising—><an employment—>." Webster's Third New International Dictionary 40 (1993).

■ The Pharmacy Practice Act of 1987 (the Pharmacy Act) (225 ILCS 85/1 *et seq.* (West 2000)) defines "pharmacy" as meaning and including "every store, shop, pharmacy department, or other place where pharmaceutical care is provided by a pharmacist *** or (2) where prescriptions of physicians, dentists, veterinarians, podiatrists, or therapeutically certified optometrists, within the limits of their licenses, are compounded, filled, or dispensed." 225 ILCS 85/3(a) (West 2000). Section 18 of the Pharmacy Act requires pharmacies to keep a "suitable book, file, or electronic record keeping system in which shall be preserved for a period of not less than 5 years the original of every written prescription and the original transcript or copy of every verbal prescription filled, compounded, or dispensed, in such pharmacy." 225 ILCS 85/18 (West 2000).

■ A "pharmacy" fits the definition of an agency because *it is* engaged in doing business for another, *i.e.*, preparing prescriptions ordered by physicians for their patients. As an "agency" it keeps records of the prescriptions it fills, including those filled for mental health recipients for the treatment of mental health problems. Unlike *Suarez*, the present case concerns the records, not the relationship of the pharmacist to the mental health recipient.

■ While the Confidentiality Act does not specially refer to pharmacies, we conclude that a pharmacy is an "agency" which provides pharmaceutical services to a mental health recipient and that the pharmacy's records of the prescriptions issued to a mental health recipient are therefore protected from disclosure under the Confidentiality Act.

■ While we are of the opinion that the clear language of the Confidentiality Act protects the pharmaceutical records of a mental health recipient from disclosure, nevertheless, at the very least, the language of the Confidentiality Act defining "record" is ambiguous, since the above definition renders "records kept by an agency" susceptible to different interpretations, either including or excluding records kept by a pharmacist.

A finding of ambiguity in statutory language permits this court to look to the purpose of a statute in construing its meaning. *Reda*, 199 Ill. 2d at 55, 765 N.E.2d at 1007. In this case, the purpose of the statute provides ample support for our determination that a mental health recipient's pharmacy records are protected from disclosure under the Confidentiality Act.

■ " 'The Confidentiality Act is carefully drawn to maintain the confidentiality of mental health records except in specific circumstances explicitly enumerated.' " *Norskog v. Pfiel*, 197 Ill. 2d 60, 71, 755 N.E.2d 1, 9 (2001), quoting *Sassali v. Rockford Memorial Hospital*, 296 Ill. App. 3d 80, 84-85, 693 N.E.2d 1287, 1290 (1998). When viewed as a whole, the Act constitutes a " 'strong statement' " about the importance of keeping mental health records confidential. *Norskog*, 197 Ill. 2d at 71-72, 755 N.E.2d at 10, quoting *Mandziara v. Canulli*, 299 Ill. App. 3d 593, 599, 701 N.E.2d 127, 131 (1998). Consequently, anyone seeking the nonconsensual release of mental health information faces a formidable challenge and must show that disclosure is authorized by the Confidentiality Act. *Norskog*, 197 Ill. 2d at 72, 755 N.E.2d at 10.

In *Gemeny*, the court held that a mental health recipient's taped telephone messages to his therapist were "communications" and protected by the general privilege created by the Confidentiality Act. *Gemeny*, 313 Ill. App. 3d at 908-09, 731 N.E.2d at 849. The court recognized that the "statutory privilege exists to encourage complete candor between patient and therapist and to provide motivation for persons who need treatment to seek it." *Gemeny*, 313 Ill. App. 3d at 908, 731 N.E.2d at 849.

■ It is not disputed that, under the Confidentiality Act, Jennifer's prescription records from a therapist, who was rendering her mental health services, are protected from disclosure. If Thomas were able to obtain the same records from the pharmacy where Jennifer

filled a prescription for medication prescribed by a therapist, Jennifer might be reluctant to fill such a prescription and might not receive necessary treatment. Thus, if pharmacy records are not protected by the privilege, the purpose of the Confidentiality Act would be defeated.

Thomas notes that where there is a conflict between the Pharmacy Act and the Confidentiality Act, the Pharmacy Act controls. See 225 ILCS 85/37 (West 2000). He points out that under section 3(p) of the Pharmacy Act, a pharmacist may release confidential information to a person authorized by law to receive such information and that a person serving a subpoena is authorized by law to receive the information. See 225 ILCS 85/3(p) (West 2000); 735 ILCS 5/2—1101 (West 2000).[1] "Confidential information" is defined as "information maintained by the pharmacist in the patient's records." 225 ILCS 85/3(p) (West 2000).

If the pharmacy records are protected under the Confidentiality Act, then Thomas violated the Confidentiality Act by issuing a subpoena without the written order issued by a judge, authorizing the disclosure of the record or the issuance of the subpoena. See 740 ILCS 110/10(d) (West 2000). Thus, the subpoenas in this case did not serve to authorize the release of Jennifer's prescription records under the Pharmacy Act. See 225 ILCS 85/3(p) (West 2000). Therefore, no conflict exists between the Pharmacy Act and the Confidentiality Act.

Jennifer also contends that she has not placed her mental condition at issue in this case. See 740 ILCS 110/10(a)(1) (West 2000). However, in *Levy v. Markal Sales Corp.*, 311 Ill. App. 3d 552, 724 N.E.2d 1008 (2000), this division held that review of an appeal under Rule 308 was strictly limited to the question identified by the circuit court's order and would not be expanded on appeal to encompass other matters that could have been included but were not. *Levy*, 311 Ill. App. 3d at 554, 724 N.E.2d at 1009; but see *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 472, 693 N.E.2d 358, 365 (1998) (court may go beyond the limits of a certified question in the interests of judicial economy); *Arriola v. Time Insurance Co.*, 323 Ill. App. 3d 138, 142, 751 N.E.2d 221, 224 (2001) (another division of this court holds that the appellate court is not limited to reviewing the question presented but may also consider the appropriateness of the order giving rise to the appeal).

In answering the certified question, we conclude that pharmacy

---

[1]Section 18 of the Pharmacy Act provides that the records kept by the pharmacist "shall *** be open to inspection to the pharmacy coordinator and the duly authorized agents or employees of the Department." 225 ILCS 85/18 (West 2000).

records are included in those records protected from disclosure under the Confidentiality Act.

Certified question answered and case remanded.

SOUTH and KARNEZIS, JJ., concur.