(No. 97898.—

*In re* MARRIAGE OF JENNIFER PETERS-
FARRELL, Appellee, and THOMAS PETERS-
FARRELL, Appellant.

*Opinion filed June 3, 2005.—Rehearing denied
September 26, 2005.*

Rebecca B. Feinberg and Michael G. DiDomenico, of Lake, Toback & D'Arco, of Chicago, for appellant.

Alan Grossman, of Chicago, for appellee.

S. Lawrence Kocot, Don L. Bell II, and Mary Ellen Fleck, of Alexandria, Virginia, for *amicus curiae* National Association of Chain Drug Stores.

Lisa Madigan, Attorney General, of Springfield (Gary Feinerman, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for *amicus curiae* Illinois Department of Professional Regulation.

JUSTICE KILBRIDE delivered the opinion of the court:

The following question was certified pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308) from the circuit court of Cook County to our appellate court:

"Are requests for pharmaceutical records from [a] pharmacy protected under the Illinois Mental Health and Developmental Disabilities [Confidentiality] Act?"

The appellate court answered this question in the affirmative. 345 Ill. App. 3d 603. We granted leave to appeal from the appellate court's judgment. 177 Ill. 2d R. 315(a). For the following reasons, we vacate the judgment of the appellate court and dismiss this appeal as moot.

## I. BACKGROUND

Jennifer Peters-Farrell filed a petition for dissolution of her marriage to Thomas Peters-Farrell. During the course of the proceedings, Thomas served subpoenas on three pharmacies seeking Jennifer's prescription records, including the "name of the medication, what the medication is used to treat, dosage, how often refilled, copy of prescription and any other related records."

Jennifer moved to quash the subpoenas. In her motion, Jennifer asserted the Mental Health and Developmental Disabilities Confidentiality Act (Confidentiality Act) (740 ILCS 110/1 *et seq.* (West 2000)) prohibited disclosure of her prescription records without a court order and the subpoenas constituted an attempt to circumvent her privilege under the Act. The circuit court denied Jennifer's motion to quash the subpoenas, but certified the question noted above to the appellate court.

The appellate court allowed the interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). 345 Ill. App. 3d 603. In answering the certified question, the appellate court held a pharmacy's records of prescriptions issued to mental health recipients are protected

from disclosure under the Confidentiality Act. 345 Ill. App. 3d at 608. The appellate court filed its opinion on December 31, 2003.

We granted Thomas' petition for leave to appeal (177 Ill. 2d R. 315(a)). Jennifer subsequently filed a motion to dismiss the appeal for lack of subject matter jurisdiction, asserting the trial court had entered a judgment of dissolution of marriage that resolved all issues between the parties. Jennifer asserted the parties filed a joint motion on December 30, 2003, notifying the appellate court of the entry of the judgment. Jennifer attached a copy of the joint motion filed in the appellate court to her motion to dismiss this appeal. In the joint motion, the parties stated "it has become commonplace for attorneys in not only domestic relations cases but personal injury cases to issue subpoenas for pharmaceutical records as a discovery tool without affording any privacy to the party whose records have been subpoenaed." The parties acknowledged that the appeal was rendered moot by the judgment, but nonetheless urged the appellate court to decide the certified question because it involved an important public interest. The parties further asserted this was a matter of first impression.

In his response to the motion to dismiss, Thomas noted Jennifer had previously agreed in the joint motion to the appellate court that the certified question should be addressed under the public interest exception to the mootness doctrine. Thomas urged this court to decide the certified question under the public interest exception.

This court denied Jennifer's motion to dismiss the appeal. We allowed the National Association of Chain Drug Stores, Inc., and the Illinois Department of Professional Regulation to file *amicus curiae* briefs in support of Thomas. 155 Ill. 2d R. 345.

## II. ANALYSIS

We granted leave to appeal in this case to determine

whether the Confidentiality Act (740 ILCS 110/1 *et seq.* (West 2000)) prohibits pharmacists from unauthorized disclosure of pharmaceutical records related to mental health or developmental disability services. In reviewing the record, however, we must conclude the appeal was rendered moot by entry of the judgment of dissolution and the petition for leave to appeal was improvidently granted.

An appeal is moot if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief. *People v. Roberson*, 212 Ill. 2d 430, 435 (2004); *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003). The mootness doctrine stems from the concern that parties to a resolved dispute lack a sufficient personal stake in the outcome to assure the adversarial relationship that " ' "sharpens the presentation of issues upon which the court so largely depends for illumination of difficult *** questions." ' " *In re A Minor*, 127 Ill. 2d 247, 255 (1989), quoting *People ex rel. Black v. Dukes*, 96 Ill. 2d 273, 276-77 (1983), quoting *Baker v. Carr*, 369 U.S. 186, 204, 7 L. Ed. 2d 663, 678, 82 S. Ct. 691, 703 (1962). The existence of a real dispute is not a mere technicality but, rather, is a prerequisite to the exercise of this court's jurisdiction. *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365 (1999).

We cannot grant Jennifer any effectual relief in this case because the judgment of dissolution resolved all issues, including her challenge to the subpoenas that sought disclosure of her prescription records. Therefore, this case is clearly moot.

Nonetheless, in his response to the motion to dismiss the appeal, Thomas urged this court to consider the certified question under the public interest exception to the mootness doctrine. Thomas did not contend this case should be reviewed under the mootness exception for cases involving an event of a short duration that is

" 'capable of repetition, yet evading review.' " See *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998), quoting *In re A Minor*, 127 Ill. 2d at 258.

The public interest exception is applicable only if there is a clear showing that: (1) the question is of a substantial public nature; (2) an authoritative determination is needed for future guidance; and (3) the circumstances are likely to recur. *In re J.B.*, 204 Ill. 2d 382, 387 (2003); *Walgreen*, 186 Ill. 2d at 365. The exception is narrowly construed and requires a clear showing of each criterion. *In re India B.*, 202 Ill. 2d 522, 543 (2002); *Walgreen*, 186 Ill. 2d at 365.

Here, there is no conflicting case law on the issue of whether pharmacists are prohibited from unauthorized disclosure of pharmaceutical records under the Confidentiality Act. This court has declined to apply the public interest exception when there are no conflicting precedents requiring an authoritative resolution. See *J.B.*, 204 Ill. 2d at 387-88; *India B.*, 202 Ill. 2d at 543; *Walgreen*, 186 Ill. 2d at 365-66. In this matter, an authoritative determination is not necessary. Therefore, the public interest exception is not applicable because at least one of the elements of the exception is absent.

We also note there are critical deficiencies in the record that impose an additional obstacle to meaningful review of the certified question. The record, filed after the petition for leave to appeal was allowed, does not contain any information that would indicate these prescription records were related to mental health or developmental disability services as required to invoke the protections of the Confidentiality Act. See 740 ILCS 110/2, 3(a) (West 2000). The record before us relevant to the certified question consists of the subpoenas served by Thomas, Jennifer's motion to quash the subpoenas, and the trial court order denying the motion to quash. These filings contain only general statements and descriptions.

Nowhere in the record is there any indication of the type of medication prescribed or the condition the medication was prescribed to treat. Further, there is no report of proceedings of the hearing on the motion to quash or any other proceeding to provide these critical facts. Simply put, the prescriptions and the condition they were intended to treat are not part of the record. We note this information may be received and reviewed by the court *in camera* to prevent any unauthorized disclosure of confidential information. However, in order to address adequately this important issue, the record must clearly show the information sought is of the type that may be subject to regulation under the Confidentiality Act. Review is not warranted where, as here, the record does not contain sufficient facts to allow us to address the issue.

Finally, we note the appellate court filed its opinion after the judgment of dissolution was entered in the circuit court. The appellate opinion did not address the mootness issue. We conclude the appellate court should have dismissed the appeal as moot upon being notified judgment had been entered in the circuit court because there is no applicable exception to the mootness doctrine to allow review of the certified question. Accordingly, the appellate court's judgment is vacated.

## III. CONCLUSION

For the foregoing reasons, we conclude this appeal is moot and the petition for leave to appeal was improvidently granted. We vacate the judgment of the appellate court and dismiss this appeal as moot.

*Appellate court judgment vacated;*
*appeal dismissed.*