2021 IL App (1st) 200883-U

SIXTH DIVISION
March 26, 2021

No. 1-20-0883

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In Re* MARRIAGE OF | ) | |
| | ) | |
| RODRIGO d'ESCOTO, | ) | |
| | ) | Appeal from the |
| Petitioner/Counter-Respondent/Appellee, | ) | Circuit Court of Cook County. |
| | ) | |
| v. | ) | 16 D 004314 |
| | ) | |
| JEANNINE IMBRENDA, | ) | Honorable David E. Haracz, |
| | ) | Judge Presiding. |
| Respondent/Counter-Petitioner/Appellant. | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Justices Harris and Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Respondent's appeal is moot due to the subsequent order of the trial court modifying the allocation of parental decision-making. Appeal dismissed.

¶ 2    Respondent Jeanine Imbrenda (Jeannine) appeals the trial court's August 17, 2020 order denying her emergency motion to compel enforcement and maintain status quo and allowing petitioner Rodrigo d'Escoto (Rodrigo) to remove their seven-year-old son (the minor child) from the British International School of Chicago, South Loop (British School) and enroll him at a

different school. On August 21, 2020, we entered a stay pending appeal of the August 17, 2020, order, allowing the minor child to remain at the British School until we issued a decision on the matter. For the following reasons, we find that this appeal is now moot, and grant Rodrigo's motion to dismiss the appeal as moot.

¶ 3     The parties to this appeal were married in 2005 and have two minor children together. On September 14, 2017, the trial court entered an allocation judgment and agreed parenting plan. Relevant to this appeal, paragraph 1.2 of the allocation judgment provides:

> "Education: Rodrigo shall take the lead on all major educational decisions related to the children including but not limited to: choice of schools, tutors, and other significant decisions related to the education of the minor children. The parties agree that the children shall remain in private school or a Chicago Public Schools Selective Enrollment school such as [list of public schools]. When arriving at an educational decision, the parties shall collaborate with one another and consider the input and opinion of the other party as well as any relevant professional. If the parties cannot reach an agreement regarding any major educational decision, Rodrigo shall have the authority to make that decision taking into consideration the child's best interest. If Rodrigo wishes to change the school a child attends, Rodrigo shall notify Jeannine of this intention to change either child's school no later than March 1 of the year proceeding the school year in which the school change would occur. If Jeannine disagrees with Rodrigo's decision regarding any matter under this Paragraph 1.2, she has the right to seek court intervention upon proper notice and petition. Rodrigo shall assume responsibility for ensuring the

children are enrolled in school each year and he shall also be solely responsible for administrative responsibilities related to the children's education.

(a) Both parents shall be designated as contact persons for all of the children's school information and records and shall request that the school send duplicate copies to each parent. In the event the school will not send duplicate records, the party in possession of any information shall provide the other party with such school related information upon receipt of the same via email. Both parents shall have online access to any school information, if available, and the parties shall share the username and password for such access, if necessary. If information is available online, it shall not be one party's obligation to provide it to the other party. Both parents shall be listed on all official documents regarding the children as the children's parents, as the parties to be contacted in case of an emergency and as the minor children's next of kin.

(b) Each parent will have the right to participate in all school activities of the children, including but not limited to, access to teachers, parent/teacher conferences and any and all extra-curricular activities. The parties shall carbon copy the other parent on any emails of substance sent to any of the children's teachers, tutors, school administrators or educators (collectively referred to as 'educators'). If either parent has any substantive verbal or telephonic communication with one of the minor children's educators, he or she shall inform the other parent in writing of

the conversation and any substantive information learned. For any in person meetings with the minor children's educators, including parent teacher conferences, the parents shall attempt to jointly schedule those appointments at a time when both parents can be present or, if unable to meet jointly, the parties may take their own arrangements so they can meet separately.

(d) Each parent shall promptly inform the other parent if either child misses school for any reason.

(e) Each parent shall ensure that, when applicable, the children complete all homework assignments.

(f) [The older minor child] is currently attending the British School. The parties agree that he will continue to attend the British School for the 2017-2018 school year and continue his regular tutoring with Educational Endeavors.

(g) The parties agree that [the minor child] will begin preschool during the 2017-2018 school year. The parties are in agreement that [the minor child] will attend the British School if he is admitted for the 2017-2018 school year. If [the minor child] is not admitted to the British School, [the minor child] will attend one of the back-up schools recommended by the British School ('Back-Up School')."

¶ 4    On January 6, 2020, Rodrigo sent Jeanine an email stating that the minor child had been accepted to St. Helen's School. Jeannine had not been consulted and had not heard of St. Helen's

School prior to receiving that email. Rodrigo planned to send the minor child to St. Helen's School for the 2020-2021 school year.

¶ 5    Jeannine filed an emergency motion to compel compliance and maintain status quo. She argued that Rodrigo's notification was untimely, as it was supposed to be made "no later than March 1 of the year preceding the school year in which the change would occur," which would have been March 1, 2019. She argued that the decision to remove the minor child from the British School was not in his best interests, and that he had attended that school for two years and should remain there. In her prayer for relief, she requested that the trial court order Rodrigo to "comply with Paragraph 1.2 of the Allocation Judgment, and [he] cannot effect any change of a child's school without first giving Jeanine notice of the intended change on or before March 1 of the year preceding the year in which the change is intended to occur," and maintain the status quo regarding the children's education in all respects "until such time that the mediation has concluded, or until further order of this Court."

¶ 6    A hearing was held on this motion, at which Dr. Shapiro, a clinical and forensic psychologist, and Jay Dahlin, the guardian *ad litem*, recommended that the minor child stay at the British School. The trial court ultimately denied Jeannine's emergency motion to compel compliance and maintain status quo, stating that Rodrigo "may enroll [the minor child] in St. Helen's for the 2020-2021 school year." It further found that "the Court finds that there is no just reason to delay the enforcement or appeal, or both, of this Order."

¶ 7    Jeannine appealed the trial court's order and presented this court with a motion to stay the enforcement of the trial court's order during the pendency of this appeal. We granted Jeannine's motion to stay the enforcement of the trial court's order during the pendency of this appeal.

¶ 8 Subsequently, Rodrigo filed a motion to dismiss this appeal as moot, which was taken with this case. In his motion, he noted that a trial had been held on Rodrigo's petition to modify the allocation judgment, and that the trial court had granted him sole decision-making authority regarding the children's education. Indeed, on January 8, 2021, the trial court ordered that:

"Article 1.2 of the parties' Allocation Judgment shall be modified and replaced

with the following language:

'Rodrigo shall be solely responsible for major educational decisions on behalf of

the children.'

Subparagraphs (a), (b), (d), and (e) shall stand as written in the Allocation

Judgment. Subparagraphs (f) and (g) shall be removed."

¶ 9 Accordingly, the portions of the allocation judgment requiring Rodrigo and Jeannine to collaborate with one another on educational decisions, requiring Rodrigo to notify Jeannine of his intention to change the school a child attends no later than March 1 of the year proceeding the school year in which the school change would occur, and allowing Jeannine to seek court intervention if she disagreed with Rodrigo's decision regarding educational matters, have since been replaced with one sentence that states, "Rodrigo shall be solely responsible for major educational decisions on behalf of the children."

¶ 10 We find that Jeannine's arguments on appeal, as they relate to a previous version of the allocation judgment, are now moot. An appeal is moot if events have occurred that make it impossible for the reviewing court to render effectual relief. *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005). "As a general rule, courts of review in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). "This

6

court will not review cases merely to establish a precedent or guide future litigation." *Madison Park Bank v. Zagel*, 91 Ill. 2d 231, 235 (1982).

¶ 11     Here, if we were to reverse the trial court's order denying Jeannine's emergency motion to compel and maintain status quo and grant her requested relief, the minor child would have been enrolled at the British School for the 2020-2021 school year "until such time that the mediation has concluded, or until further order of this Court." The minor child was indeed enrolled at the British School for the 2020-2021 school year, and the court has since, on January 8, 2021, modified the allocation judgment giving Rodrigo sole responsibility for major educational decisions on behalf of the children, with no required collaboration with, or notice to, Jeannine. As such, the reversal of the trial court's denial of Jeannine's motion to compel would not grant effectual relief. *In re Marriage of Peters-Farrell*, 216 Ill. 2d at 291. We are aware that Jeannine has appealed the trial court's decision modifying the allocation judgment (No. 1-21-0139) and we will address her arguments in that appeal.

¶ 12     For the foregoing reasons, we dismiss this appeal as moot and grant Rodrigo's motion requesting the same.

¶ 13     Appeal dismissed.