2023 IL App (1st) 221468-U
No. 1-22-1468
Order filed November 9, 2023

Sixth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| LUCIO BARBAROTTA, SANTO BARBAROTTA, GIUSEPPE BARBAROTTA, CESAR CEBALLOS, and NANCY SLAGG, PH.D., | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | |
| v. | No. 20 CH 01569 |
| DAVID T. GOLDMAN, MICHAEL TATE, MIARI YOSRA, DAVE DEBOER, MEGHAN KENNEDY, and 405 N WABASH PARKING CONDOMINIUM ASSOCIATION, | The Honorable Caroline K. Moreland, Judge, presiding. |
| Defendants-Appellees. | |

JUSTICE HYMAN delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

ORDER

¶ 1    *Held*:    Affirming dismissal of plaintiffs' eviction and trespass claims with prejudice, as defendants had authority to enter property to make repairs.

¶ 2    The 405 N. Wabash Parking Condominium Association consists of a parking garage. The

plaintiffs are individual owners of "condominium units" in the parking garage, which include

parking spaces and corresponding storage lockers. The Association's Board of Managers approved a special assessment of $3.25 million to make garage repairs, which required unit owners to vacate their parking spaces and remove their personal property for about a year.

¶ 3        Plaintiffs sued the Association and individual Board members, seeking injunctive and declaratory relief to stop the garage repair project, asserting they failed to adhere to the Association's bylaws and the Condominium Property Act in approving the special assessment (counts I through V) and defendants trespassed on their property by forcing them to vacate their units (counts XIV through XX). Plaintiffs asked the court to enter an order granting them possession of their units and evicting defendants (counts VII through XIII). The plaintiffs further alleged that one defendant board member breached his fiduciary duties (count VI).

¶ 4        Defendants moved to dismiss counts I through V under section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2020) (Code)) as barred by a trial court order denying plaintiffs' motion for a preliminary injunction. The defendants also asked the trial court to dismiss the remaining counts under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) for failing to plead a cause of action for breach of fiduciary duty (count VI) or claims for eviction (counts VII through XIII) and trespass (counts XIV through XX). As to the eviction and trespass claims, defendants argued that section 18.4(j) of the Condominium Property Act (765 ILCS 605/18.4(j) (West 2020) gives the Board authority to enter a unit to perform necessary maintenance, repairs, or replacements and plaintiffs failed to allege the entry was unlawful.

¶ 5        The trial court denied defendants' motion to dismiss counts I through V but dismissed the eviction and trespass claims with prejudice, finding that under the Condominium Property Act, the Board had a right to access each unit to make necessary repairs, and the plaintiffs failed to

allege the repairs were unnecessary. The trial court also dismissed the breach of fiduciary duty claim without prejudice.

¶ 6        Defendants did not cross-appeal the denial of their motion to dismiss counts I through V of the amended complaint, and plaintiffs waived dismissal of count VI by failing to argue it on appeal. Thus, the sole issue is whether the trial court erred in dismissing plaintiffs' claims alleging eviction and trespass (counts VII through XX). We agree with the trial court that because the Board had the right to access the units to make necessary repairs and the plaintiffs did not allege the repairs were unnecessary, they failed to state a claim for trespass. Further, because the plaintiffs can now access their units, their eviction claims are moot. We affirm.

¶ 7                                      Background

¶ 8        The 405 N. Wabash Condominium Association is a parking garage structure incorporated as a condominium association. The condominium units have a parking space and a storage locker ("units"). Plaintiffs own the units and are members of the Association.

¶ 9        At a January 2022 meeting, the Board approved a special assessment of $3.25 million for garage reconstruction. The work described in the drawings and specifications includes the reconstruction of support columns, which form a part of the foundation for two condominium buildings attached to the parking garage. The Association told unit owners to remove all personal property from their units before March 1, 2022, as they would not be allowed to access the units during construction, expected to last about a year. The repair project began on March 1, as scheduled, when unit owners could no longer access their units.

¶ 10       On April 22, 2022, plaintiffs filed a 20-count amended complaint against the Association and the Board members. Counts VII through XIII, the eviction claims, alleged they unlawfully withheld possession of plaintiffs' units to which the plaintiffs had a superior right and asked

the trial court to order defendants to be evicted from their units. Counts XIV through XX allege trespass.

¶ 11    Defendants filed a motion to dismiss, arguing that the eviction claims be dismissed under section 2-615 because the plaintiffs did not allege entry by force or that the entry was not allowed by law, as required by the Forcible Entry and Detainer Act (735 ILCS 5/9-101 (West 2020). Defendants also argued that the eviction and trespass claims should be dismissed under section 2-619(a)(9) because section 18.4(j) of the Condominium Property Act (765 ILCS 605/18.4(j) (West 2020) allows the Board "access to each unit from time to time as may be necessary for the maintenance, repair, or replacement." Plaintiffs acknowledged that the Condominium Property Act allows the Board to access their units for repairs, but contend the garage repair project, which lasted a year, was not "minimally inconvenient," as required by the Association's Bylaws.

¶ 12    The trial court rejected plaintiffs' argument. The court noted that section 18.4(j) of the Condominium Property Act allowed the Association access to the units to make necessary repairs and stated that "mere inconvenience *** does not give rise to actions for eviction or trespass. *** Nothing in the pleadings indicates that absent the faulty procedures in approving the Special Assessment, the repairs themselves are unnecessary." The court dismissed the eviction and trespass counts under section 2-619(a)(9), with prejudice.

¶ 13                                   Analysis

¶ 14    Initially, we address defendants' request that we strike the plaintiffs' brief for failing to comply with Illinois Supreme Court Rule 341(h) (1), (2), (4), and (5) (eff. Oct. 1, 2020) by being improper in form, argumentative, misstating material facts, and failing to cite to the common law record properly.

¶ 15     The rules of procedure for appellate briefs are rules, not suggestions. *Longo Realty v. Menard, Inc.*, 2016 IL App (1st) 151231, ¶ 18. 475. Where an appellant's brief contains numerous Rule 341 violations and impedes review, we may exercise our discretion and strike that brief and dismiss the appeal. See *Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38 (citing *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23) (failure to follow Rule 341 may result in forfeiture of consideration of issues on appeal).

¶ 16     Plaintiffs' brief violates Illinois Supreme Court Rule 341(h) (eff. July 1, 2020). Nonetheless, the deficiencies are not so flagrant to hinder our review because the issues are straightforward. See *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 15 (we will strike brief only when violations of Rules hinder effective review). Thus, we will address the dismissal of the trespass and eviction claims on the merits. We admonish counsel, however, to carefully adhere to the requirements of the supreme court rules in future appeals.

¶ 17                                      Standard of Review

¶ 18     A motion to dismiss under section 2-619(a)(9) admits the legal sufficiency of the complaint and asserts an affirmative matter outside the pleading that avoids the legal effect or defeats the claim. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 20. We review *de novo* the dismissal of a claim under section 2-619(a)(9). *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). All properly pleaded facts are taken as true, and the complaint should not be dismissed unless it appears that no set of facts under the pleadings can be proved, entitling the plaintiff to recover. *Barba v. Village of Bensenville*, 2015 IL App (2d) 140337, ¶ 19. We affirm a dismissal under section 2-619 motion if no genuine issue of material fact exists and the defendant is entitled to a judgment as a matter of law. *La Salle National Bank v. City Suites, Inc.*, 325 Ill.App.3d 780, 789 (2001).

¶ 19                                    Trespass Claims

¶ 20        A defendant commits the tort of trespass by entering another's land without permission, invitation, or other right. *Schweihs v. Chase Home Finance LLC*, 2021 IL App (1st) 191779, ¶ 30. A defendant can be liable in trespass for his or her own entry onto the land and for causing a thing or third person to enter. *Id.* (citing *Dial v. City of O'Fallon*, 82 Ill. 2d 648, 554 (1980). Entry permitted by the terms of a valid and lawful contract constitutes a defense to an action for trespass. *Id.* (citing 87 C.J.S. *Trespass* §49 (2021).

¶ 21        As the trial court noted, the Condominium Property Act provides that the powers and duties of the board include having "access to each unit from time to time as may be necessary for the maintenance, repair or replacement of any common elements or for making emergency repairs necessary to prevent damage to the common elements or to other units." 765 ILCS 605/18.4(j) (West 2020). Thus, the Board had the right to enter the units to make necessary repairs, and, as the trial court noted, plaintiffs have not alleged the repairs were unnecessary.

¶ 22        Moreover, the Condominium Declaration states that the Board's powers and duties include having "access to each Unit from time to time as may be necessary for the maintenance, repair, or replacement of any Common Elements therein or accessible therefrom, or for making emergency repairs therein necessary to prevent damage to the Common Elements or to other Unit or Units." A declaration of condominium serves as "the contract between the association and the unit owners governing the operation of the condominium property and association and sets forth the board's duties related to management of the property and association." *Wood v. Evergreen Condominium Ass'n*, 2021 IL App (1st) 200687, ¶ 17 (citing *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2014 IL App (1st) 111290, ¶ 75). As noted, a defense exists when the terms of a valid and lawful contract permits entry. *Schweihs,* 2021 IL App (1st)

191779, ¶ 30. The parties had a valid and lawful contract, the declaration, which allowed entry to make necessary repairs.

¶ 23    Plaintiffs contend, however, that the authority to enter the units for repairs is limited by section 2(a)(16) of the Association's bylaws, requiring entry "be made with as little inconvenience to the Unit Owner as practicable." Nevertheless, plaintiffs allege no facts supporting their assertion other than the projected year to complete. Being unable to access a condominium parking unit, while inconvenient, does not negate authority to enter for necessary repairs, and absent specific, non-conclusory allegations of a failure to inconvenience unit owners as little as practicable, the trial court properly dismissed the trespass claims.

¶ 24                                    Eviction Claims

¶ 25    In counts VII through XIII, the plaintiffs alleged the Association unlawfully withheld possession of their units and asked the trial court for an order of eviction and costs. While this appeal was pending, the garage repairs have been substantially completed, and plaintiffs now have access to their units. Accordingly, the eviction claims are moot.

¶ 26    An appeal is moot if no actual controversy exists or events have made it impossible to grant the complaining party effectual relief. *Fisch v. Loews Cineplex Theaters, Inc.*, 365 Ill. App. 3d 537, 539 (2005); *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005). Courts will neither consider moot questions nor render advisory opinions and should also not resolve an issue to establish precedent or offer guidance for future actions. *Fisch*, 365 Ill. App. at 540. The existence of an actual controversy is essential for appellate jurisdiction, and courts of review generally will not decide abstract, hypothetical, or moot questions. *Maday v. Township High School District 211*, 2018 IL App (1st) 180294, ¶45 (internal citations omitted). Typically, a case may become moot when, pending the decision on appeal, events render it

impossible for the reviewing court to grant effectual relief or when a decision on the merits will not result in appropriate relief. *Id* at ¶46.

¶ 27     We may take judicial notice of readily verifiable facts to aid in the efficient disposition, "even if judicial notice was not sought in the trial court." (Internal quotation marks omitted.) *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶¶ 37, 38. In a related case before this court (*Lucio Barbarotta et al. v. David T. Goldman, et al.* (1-22-0715)), Don Barnes, Community Association Manager for the Association, filed an affidavit in support of a motion to dismiss, averring that "[a]s of November 30, 2022, the Parking Garage Rehabilitation has been substantially completed such that the garage has been able to reopen for parking *** and owners have been able to park in their parking spaces within the garage." Because the unit owners have access to their units, we cannot grant possession or eviction.

¶ 28     As to whether plaintiffs are entitled to costs for Association "unlawfully withholding possession" of their units, to repeat, the Association had authority under the Act and the Association's bylaws to enter the units for necessary repairs, and plaintiffs failed to allege that the repairs were unnecessary.

¶ 29     Affirmed.