NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250426-U

NO. 4-25-0426

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 30, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JIMMIE MARSHALL, | ) | No. 25CF73 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

---

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Harris and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1      *Held*: The appellate court affirmed, finding the trial court did not err in denying defendant pretrial release.

¶ 2      Defendant, Jimmie Marshall, appeals the trial court's order denying pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)). On appeal, defendant argues the court erred in finding the State proved by clear and convincing evidence (1) he committed a detainable offense and (2) no condition or combination of conditions would mitigate the threat he posed to the community. We affirm.

¶ 3      I. BACKGROUND

¶ 4      On March 31, 2025, the State charged defendant with aggravated battery, a Class 1 felony (720 ILCS 5/12-3.05(a)(3)(i) (West 2024)), alleging he knowingly caused great bodily harm to Sergeant Andy Rork of the Livingston County Sheriff's Office, whom defendant knew

to be a peace officer engaged in the performance of his authorized duties. On the same day, the State petitioned to deny defendant pretrial release pursuant to section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2024)), alleging the proof was evident and presumption great he committed a detainable offense, his pretrial release posed a real and present threat to the safety of others, and no conditions could mitigate that threat.

¶ 5 During the detention hearing, the State proffered that on March 28, 2025, deputies with the Livingston County Sheriff's Office broke up a fight between juveniles, one of whom was defendant's stepson. Defendant and his wife subsequently called the police station and spoke with Rork about filing a report. Defendant "instantly became verbally hostile," and he refused to listen when Rork attempted to explain the situation. Rork eventually ended the call, saying he would speak to defendant after defendant calmed down. Defendant proceeded to call both 911 and the nonemergency number "continuously," demanding to speak with a "white shirt lieutenant." When line operators advised defendant no lieutenant was working at the time, he did not believe them. He "became very upset" and "began threatening officers." Defendant subsequently drove to the police station and verbally confronted Rork in the lobby, demanding to speak with a supervisor. When defendant learned Rork was the supervisor on duty, defendant was "verbally hostile towards him."

¶ 6 Defendant eventually left the station and called 911 from the parking lot, telling the operator that "someone better come talk to him before he blows up and takes matters into his own hands." Rork exited the building and told defendant he was under arrest for calling 911 when there was no emergency and making threatening comments. When Rork attempted to effectuate the arrest, defendant punched him "multiple times in the face." Defendant fled the scene on foot before officers caught and arrested him. Rork suffered a fractured nose, facial

swelling, and bruising, and he went to the hospital for treatment.

¶ 7    The State argued defendant presented a threat to the safety of Rork and police officers in general, citing the violent nature of the offense and defendant's prior criminal history, which included convictions for second degree murder, possession of contraband in a penal institution, domestic battery, and aggravated battery causing great bodily harm. The State contended no pretrial release conditions would mitigate the threat defendant posed, as defendant's criminal history consisted primarily of acts of physical violence, and none of the conditions available, such as GPS monitoring and weekly or biweekly reporting to the Office of Statewide Pretrial Services, would mitigate the threat defendant posed.

¶ 8    Defendant insisted he did not pose a real and present threat because the events in question stemmed from "a highly charged emotional situation" during which defendant was dissatisfied with law enforcement's response to harm befalling his stepson. Defendant scored a 3 out of 14 on the Virginia Pretrial Risk Assessment Instrument-Revised (VPRAI-R), had a full-time job, and was the primary provider for his four children. Defendant had been diagnosed with bipolar disorder and major depressive disorder, but he insisted he was taking his medications. Defendant argued pretrial release conditions, such as anger management treatment and a mental health evaluation, would mitigate his dangerousness, and he asserted he would abide by any pretrial conditions the trial court might impose.

¶ 9    The trial court granted the petition to deny pretrial release, finding the State proved by clear and convincing evidence defendant committed a detainable offense, posed a real and present threat to the safety of the community, and no release conditions could mitigate that threat. The court asserted, "[T]he probable cause statement alone is enough here for me to find that the proof is evident or presumption great that the defendant has committed a detainable

offense, the offense being aggravated battery to a police officer, class 1 felony, causing great bodily harm." The court observed defendant was charged with a "very serious offense," which carried a maximum sentence of 15 years' imprisonment. The court noted defendant's "significant criminal history," which included "two very serious violent offenses," namely, a 2018 conviction for aggravated battery causing great bodily harm and a 2006 conviction for second degree murder. The court also cited defendant's conviction for bringing contraband into a penal institution in 2008 as an indication defendant was unlikely to abide by pretrial release conditions. The court emphasized defendant's mental health issues, "a history of violence, up to and including killing someone," and the fact defendant was willing to strike a police officer and break his nose as indicative of "the very real risk" defendant posed to the community. The court found this risk was "too real" and could not be mitigated by available pretrial conditions. The court stated, "When presented with an issue involving his stepson, this defendant chooses to harass, go to a police department, act entirely inappropriate, engage in a physical altercation to the point where he breaks a police officer's nose and then proceeds to flee from the scene." The court found defendant "poses a real and significant danger to the community" and was "unlikely to comply with any or all pretrial release conditions that could be imposed in this case."

¶ 10        On April 4, 2025, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), arguing less restrictive conditions would avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case. Defendant did not argue the issue he raises for the first time here—that the State failed to show he committed a detainable offense and threatened the safety of the community. Following an April 23, 2025, hearing, the trial court denied the motion.

¶ 11        This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13          On appeal, defendant argues the trial court erred in finding the State proved by

clear and convincing evidence the proof was evident or presumption great (1) he committed a

detainable offense and (2) no less restrictive conditions would mitigate the threat he posed. We

disagree.

¶ 14          Under section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2024)), it is

presumed all criminal defendants are entitled to pretrial release. The State may seek a

defendant's pretrial detention if he is charged with a detainable offense as enumerated in the

Code and, after a hearing, the trial court finds his release would present "a real and present threat

to the safety of any person or persons or the community, based on the specific articulable facts of

the case," or he "has a high likelihood of willful flight to avoid prosecution." 725 ILCS

5/110-6.1(a)(1), (8) (West 2024). The State bears the burden of proving "by clear and convincing

evidence that any condition of [pretrial] release is necessary." 725 ILCS 5/110-2(b) (West 2024).

When the parties proceed solely by proffer during a detention hearing, we review *de novo* the

trial court's determination. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 15          First, defendant argues the State did not prove by clear and convincing evidence

the proof was evident or presumption great he committed a detainable offense. Defendant did not

include this issue in his Rule 604(h)(2) motion for relief, and he raises it for the first time on

appeal. Rule 604(h)(2) provides, "Upon appeal, any issue not raised in the motion for relief,

other than errors occurring for the first time at the hearing on the motion for relief, shall be

deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Defendant acknowledges he did not

raise this issue earlier and argues defense counsel provided ineffective assistance by not

including it in his motion for relief. Alternatively, defendant urges us to consider his argument's

merits via a plain error analysis. However, in *People v. Nettles*, 2024 IL App (4th) 240962, ¶¶ 24-36, this court rejected similar efforts to gain appellate review of waived claims not raised in a motion for relief, finding neither ineffective assistance nor plain error were applicable. Following *Nettles*, we decline to review defendant's argument that the State did not prove he committed a detainable offense, as defendant waived the issue by not including it in his Rule 604(h)(2) motion for relief. See *Nettles*, 2024 IL App (4th) 240962, ¶¶ 25-26, 34.

¶ 16 Second, defendant argues the State failed to show by clear and convincing evidence that no conditions could mitigate the threat he posed to the community, citing his low VPRAI-R score, the age of his criminal convictions, and his family and employment status. Defendant also highlights defense counsel's suggestion that the trial court could require him to submit to further psychiatric evaluation as a pretrial release condition to determine whether his medications needed to be adjusted. However, the record shows the court considered the appropriate factors, including those cited by defendant, before determining no pretrial release conditions would mitigate defendant's dangerousness to the community. We agree.

¶ 17 In reaching its conclusion, the trial court noted defendant's violent criminal history, which included convictions for second degree murder and aggravated battery causing great bodily harm. While incarcerated, defendant was convicted of bringing contraband into a penal institution, which indicated defendant would not comply with any pretrial release conditions the court might impose. The court further observed the specific circumstances of the charged offense, where defendant repeatedly struck a peace officer, thereby demonstrating a complete disregard for law enforcement's authority. Defendant also fled the scene, further undercutting his insistence that he would comply with pretrial release conditions. Given the specific facts of the charged offense, defendant's violent criminal history, his demonstrated

disregard for legal authority, and the physical safety threat he poses to the community as a whole, the court did not err in finding the State proved by clear and convincing evidence that no condition short of detention could mitigate the threat defendant posed. See 725 ILCS 5/110-5(a)(1)-(5) (West 2024).

¶ 18                                    III. CONCLUSION

¶ 19            For the foregoing reasons, we affirm the trial court's judgment.

¶ 20            Affirmed.