**2025 IL 131279**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 131279)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SEAN GRAYSON, Appellee.

*Opinion filed November 20, 2025.*

*PER CURIAM*

**OPINION**

¶ 1   The cause coming to be heard on appeal from the appellate court, this court finds and orders as follows. On July 18, 2024, Sean Grayson, a Sangamon County sheriff's deputy, was indicted by a grand jury on three counts of first degree murder, on one count of aggravated battery with a firearm, and on one count of official misconduct for causing the death of Sonya Massey. The State filed a petition to deny Grayson pretrial release on the grounds of dangerousness.

¶ 2   On July 18, 2024, after a hearing, the circuit court of Sangamon County granted the State's petition and detained Grayson, finding that the State presented clear and

convincing evidence that Grayson should be detained. On appeal, the appellate court disagreed and reversed the circuit court's judgment. 2024 IL App (4th) 241100-U. The State appealed to this court, arguing that its proffer constituted clear and convincing evidence that Grayson was ineligible for pretrial release.

¶ 3 During the pendency of this appeal, Grayson's case went to trial, and he was found guilty of second degree murder. Because Grayson's case went to trial and a jury found him guilty of second degree murder, we find that the detention question presented in this appeal has become moot. "An appeal is moot if 'no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief.' " *In re Marriage of Eckersall*, 2015 IL 117922, ¶ 9 (quoting *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005)).

¶ 4 As this court has explained, "when an appeal is rendered moot and we do not reach the merits of the appeal, we cannot speak to the correctness of the judgments rendered by the circuit and appellate courts." *Id.* ¶ 20. "Thus, to preclude the lower courts' resolution of the issues from standing as precedent for future cases, the lower courts' judgments should be vacated." *Id.*; see *People ex rel. Black v. Dukes*, 96 Ill. 2d 273, 278 (1983). Therefore, we dismiss the cause as moot. To prevent the lower courts' resolution of the issues presented to it from standing as precedent for future cases, we vacate the judgment of the appellate court and the judgment of the circuit court.

¶ 5 Judgments vacated.

¶ 6 Appeal dismissed.