**2026 IL 132129**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

(Docket No. 132129)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JIMMIE MARSHALL, Appellant.

*Opinion filed May 21, 2026.*

*PER CURIAM*

**OPINION**

¶ 1   Defendant Jimmie Marshall was charged with the aggravated battery of Livingston County Sheriff's Department sergeant Andy Rork after defendant punched him in the face and broke his nose. The Livingston County circuit court then granted the State's pretrial petition to detain defendant. Subsequently, defendant filed a motion for relief under Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). The trial court denied that motion, and defendant appealed, arguing for the first time that the State failed to prove he committed a detainable offense under section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2024)) because he did not cause Sergeant Rork great bodily harm.

The appellate court affirmed the trial court's decision, finding that defendant waived the issue by failing to include it in his Rule 604(h)(2) motion for relief.[1] 2025 IL App (4th) 250426-U. See Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024) (stating that "any issue not raised in the motion for relief *** shall be deemed waived").

¶ 2        Defendant now argues that the appellate court erred by construing the "deemed waived" language in Rule 604(h)(2) to mean waiver and not forfeiture, such that his detainable offense issue can be reviewed for plain error or as an ineffective assistance of counsel claim. The State responds that defendant's contention cannot be salvaged for purposes of this appeal and, in any event, defendant can still raise this issue by filing an additional motion for relief under Rule 604(h)(2). More importantly, the State argues that defendant's assertion is moot.

¶ 3        An appeal is moot when events have occurred that render it impossible to grant the complaining party effectual relief. *People v. Grayson*, 2025 IL 131279, ¶ 3 (*per curiam*). Here, on August 6, 2025, defendant pleaded guilty to aggravated battery. On September 25, 2025, he was sentenced to probation and released from custody. Accordingly, defendant concedes that this appeal is moot, as it is no longer possible to grant him effectual relief.

¶ 4        Defendant nonetheless urges this court to review these issues under the public interest exception to the mootness doctrine. This "narrow" exception permits review of an otherwise moot question where the immediacy or magnitude of the interests involved warrant action by the court. *People v. Seymore*, 2025 IL 131564, ¶ 33. The exception applies where (1) the issue presented is of a public nature, (2) an authoritative determination is desirable for the future guidance of public officers, and (3) the issue is likely to recur. *People v. Morgan*, 2025 IL 130626, ¶ 16. In determining whether an authoritative determination is desirable for the future guidance of public officers, this court generally considers whether the law is in disarray or whether conflicting precedent exists. *Seymore*, 2025 IL 131564, ¶ 34; *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 16.

---

[1]The court also rejected defendant's challenge to the trial court's determination that no condition or combination of conditions would mitigate the threat posed. He does not challenge that ruling here.

¶ 5 Here, we agree with the State's conclusion that defendant cannot satisfy the second requirement of the public interest exception because the law addressing the availability of plain error and ineffective assistance of counsel claims in pretrial detention cases is not presently in disarray. Unlike the issue presented in *Seymore*, these issues have not evaded judicial review. *Cf. Seymore*, 2025 IL 131564, ¶ 34. We decline to render an advisory opinion.

¶ 6 Accordingly, we dismiss this appeal as moot and vacate the judgments of the appellate court and the circuit court. *Grayson*, 2025 IL 131279, ¶ 4.

¶ 7 Judgments vacated.

¶ 8 Appeal dismissed.