Docket No. 108824.

IN THE

SUPREME COURT

OF

THE STATE OF ILLINOIS

*In re* COMMITMENT OF BENJAMIN HERNANDEZ (The People of the State of Illinois, Appellant, v. Benjamin Hernandez, Appellee).

*Opinion filed November 18, 2010.*

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Garman, Karmeier, and Theis concurred in the judgment and opinion.

Justice Burke took no part in the decision.

**OPINION**

At issue is whether the appellate court had jurisdiction over the State's appeal in a sexually violent persons case when the State filed its notice of appeal after the circuit court of Boone County approved respondent for conditional release but before the court approved a conditional release plan. This appeal was rendered moot when respondent violated the terms of his conditional release plan and was returned to the custody of the Department of Human Services (DHS). The appeal before the appellate court was also moot, as respondent had been returned to custody before that court filed its opinion. Finding no exceptions to the mootness doctrine present, we vacate the

appellate court's judgment and dismiss the appeal.

## BACKGROUND

Respondent was adjudicated a sexually violent person in 2004. Following a dispositional hearing in 2005, the court ordered ResCare, an outpatient facility, to prepare a conditional release plan that met the minimum requirements of DHS. In April 2007, the State informed the court that it had not received a conditional release plan. Defense counsel agreed that if the court's intention was to place respondent on conditional release, then the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/1 *et seq*. (West 2008)) required DHS to provide the court with a conditional release plan. The case was continued.

On July 3, 2007, the court stated: "I am convinced at this time that I would take the step of ordering conditional release, and I believe the statute requires that the department provide a conditional release plan." On that same date, the court entered a written order that stated: "Respondent is to be placed on conditional release as disposition." The order further provided that a conditional release plan be presented to the court on September 21, 2007. The State moved to reconsider the order, and the motion was denied on July 20, 2007. The State then filed a notice of appeal on August 20, 2007. On September 21, 2007, the court approved DHS's 13-page conditional release plan. The docket sheet for September 21, 2007, reads: "The DHS plan is accepted by the Court and [respondent] is advised of the plan. [Respondent] agrees to the plan and is to be released." The court also entered a written order stating: "Conditional release plan is approved and accepted by the court." The State did not file a new notice of appeal.

The appellate court ordered the parties to submit additional briefing addressing the appellate court's jurisdiction. The State filed a supplemental brief, but respondent declined to do so. The appellate court considered and rejected the State's arguments and dismissed the appeal for lack of jurisdiction. 392 Ill. App. 3d 527.

The appellate court relied on the familiar rule that a final judgment is one that " ' "fixes absolutely and finally the rights of the parties in the lawsuit" ' " and " ' "determines the litigation on the merits so that,

if affirmed, the only thing remaining is to proceed with the execution of the judgment." ' " 392 Ill. App. 3d at 530, quoting *In re M.M.*, 337 Ill. App. 3d 764, 771 (2003), quoting *In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 793 (2000). The court explained that an order may be final for purposes of review when any matters left for future determination are merely incidental to the ultimate rights adjudicated; however, an order is not final where jurisdiction is retained for matters of substantial controversy. 392 Ill. App. 3d at 530. Applying these rules, the appellate court concluded that the July 3 order could not have been final because it did not fully and finally dispose of the rights of the parties. Rather, it left substantial matters–the details under which respondent would be released–to be determined at a later date. These details were later set forth in a 13-page plan that the court approved. The July 3 order could not have been enforced because respondent could not have been released until the court approved a conditional release plan. 392 Ill. App. 3d at 531.

The appellate court explained that the approval of the conditional release plan could not be considered "incidental" to the ultimate rights adjudicated, because the matters left for future determination were essential to the case. 392 Ill. App. 3d at 531. Pursuant to statute, the plan must identify any treatment or services the respondent will receive, address any need for "supervision, counseling, medication, community support services, residential services, vocational services, and alcohol or other drug abuse treatment." 725 ILCS 207/40(b)(3) (West 2008). The plan also has to specify who will be responsible for providing any services required by the plan. 725 ILCS 207/40(b)(3) (West 2008). The plan must be presented to the court for its approval within 60 days after the finding that the respondent is to be conditionally released. 725 ILCS 207/40(b)(3) (West 2008). As noted, in respondent's case, these matters were addressed in great detail in a 13-page plan. The appellate court held that, given the breadth of areas to be covered by the plan and the specificity of the plan's conditions, an order entered before the plan was approved could not have been final. 392 Ill. App. 3d at 532.

The appellate court also rejected the State's contention that jurisdiction was established by Supreme Court Rule 303(a)(1). This rule was amended in 2007 to provide, in part, as follows:

"A notice of appeal filed after the court announces a decision,

but before the entry of the judgment or order, is treated as filed on the date of and after the entry of the judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007).

The appellate court held that this rule was intended to cover the situation in which a court orally pronounces a final judgment but the written order is entered at a later date. Here, the July 3 order was not a final judgment, and the September 21 order was not merely a memorialization of the July 3 order. 392 Ill. App. 3d at 534.

The court held that this interpretation of Rule 303(a)(1) was consistent with its earlier interpretation in *Eclipse Manufacturing Co. v. United States Compliance Co.*, 381 Ill. App. 3d 127 (2007). In that case, the circuit court announced its ruling on July 25, 2006, and ordered the parties to prepare draft orders incorporating the court's comments from the bench, but the parties could not agree on the language. The losing party then filed a notice of appeal on August 22, 2006, and the appellate court docketed the appeal. On August 25, 2006, the trial court entered its final written order. The appellate court held that it had jurisdiction over the appeal under the 2007 amendment to Rule 303(a)(1). *Eclipse Manufacturing*, 381 Ill. App. 3d at 132-33. Here, the appellate court held that *Eclipse* embodied the very situation that the amendment to Rule 303(a)(1) was designed to address–a party filed its notice of appeal after the oral pronouncement of a judgment but before entry of the written order. By contrast, in the case before the court, the July 3 order was not final, and the September 21 order approving the conditional release plan was not merely the written memorialization of that order. 392 Ill. App. 3d at 533-34. Accordingly, finding no basis for its jurisdiction, the appellate court dismissed the appeal. 392 Ill. App. 3d at 534.

We allowed the State's petition for leave to appeal. 210 Ill. 2d R. 315. Subsequently, respondent supplemented the record on appeal with information establishing the mootness of the State's appeal. On May 26, 2009, the State moved in the circuit court to revoke respondent's conditional release on the grounds that he had violated the conditions of the release plan. The court granted the State's petition the following day, and respondent was returned to the

custody of DHS.[1]

## ANALYSIS

The parties agree that this appeal is moot. An appeal is moot when intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party. *Felzak v. Hruby*, 226 Ill. 2d 382, 392 (2007), quoting *In re J.T.*, 221 Ill. 2d 338, 349-50 (2006). Here, the State has already received the relief it sought–return of respondent to the custody of DHS. Thus, any opinion the court might enter in this matter would be purely advisory. This court generally declines to issue advisory opinions on moot or abstract questions, and if it is apparent that this court cannot grant effectual relief, the court should not resolve the question before it merely for the sake of setting precedent to govern future cases. *People ex rel. Partee v. Murphy*, 133 Ill. 2d 402, 408 (1990).

This court will depart from the above rules and reach moot questions only in limited circumstances. The State argues that one of the exceptions to the mootness doctrine–the public interest exception–is applicable here. This exception is narrowly construed. *In re Alfred H.H.*, 233 Ill. 2d 345, 355-56 (2009). Under this exception, the party seeking review of the issues must make a clear showing that: (1) the question is of a substantial public nature; (2) an authoritative determination is needed for future guidance; and (3) the circumstances are likely to recur. *Felzak*, 226 Ill. 2d at 393. If any one of these factors is not established, the exception may not be invoked. *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 292 (2005).

Here, regardless of whether the State could establish the first and third factors, it has clearly failed to establish the second. To determine if an authoritative determination of a question is needed, this court looks to whether the law is in disarray or there is conflicting precedent. *Alfred H.H.*, 233 Ill. 2d at 358; *Peters-Farrell*, 216 Ill. 2d at 292; *In re J.B.*, 204 Ill. 2d 382, 387-88 (2003); *In re India B.*, 202 Ill. 2d 522, 543 (2002); *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365-66 (1999). Clearly, the State has not established that with respect

---

[1] Although the appeal before the appellate court was also moot, there is no indication in the record that this fact was brought to that court's attention.

to either of its issues.

The State first argues that its notice of appeal was timely because the final order when a sexually violent person is conditionally released is the order approving him for conditional release rather than the order approving the conditional release plan. The appellate court's resolution of this issue was based on nothing more than the well-settled rule that an order is final if it " ' "determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." ' " 392 Ill. App. 3d at 530, quoting *In re M.M.*, 337 Ill. App. 3d 764, 771 (2003), quoting *In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 793 (2000). The State has not cited any conflict or disarray in the law on this proposition. The court determined that this test could not be met with respect to the July 3 order because significant issues–the terms of the respondent's release–were left for future determination. 392 Ill. App. 3d at 530-32.

The appellate court resolved an issue of first impression in that it applied this well-settled rule for the first time in the context of a conditional release under the Act. Because this was an issue of first impression, no conflict or disarray in the law exists. Moreover, because the appeal was also moot before the appellate court, precedent dictates that we vacate that judgment. See *People v. Jackson*, 231 Ill. 2d 223, 228 (2008); *In re Randall M.*, 231 Ill. 2d 122, 133-34 (2008). Thus, *no* precedent exists on this issue, and the State is seeking a purely advisory opinion on a question that has yet to be decided. This is clearly not a situation in which an authoritative resolution is needed from this court, and we thus decline to address the issue.

We likewise find no disarray or conflict in the law on the State's alternative argument. The State contends that, even if its notice of appeal was premature, it was saved by Rule 303(a)(1)'s provision that:

> "[a] notice of appeal filed after the court announces a decision, but before the entry of the judgment or order, is treated as filed on the date of and after the entry of the judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007).

The appellate court has interpreted this language twice, and its decisions are consistent. In a case in which the trial court orally announced a decision and directed the parties to prepare a written

-6-

order incorporating the court's comments from the bench, the court held that a notice of appeal filed after the oral announcement of a decision but before the final written order was saved by Rule 303(a)(1). *Eclipse Manufacturing*, 381 Ill. App. 3d at 132-33. By contrast, the appellate court held in the present case that the final order was the September 21 order approving the conditional release plan and that this was not merely a written memorialization of a final judgment announced on July 3. Accordingly, the court held that a notice of appeal filed before the September 21 order could not be saved by Rule 303(a)(1). 392 Ill. App. 3d at 532-34.

In this appeal, the State asks us to reject the appellate court's interpretation of Rule 303(a)(1) in favor of an interpretation that would save a premature notice of appeal any time a party has a reasonable but mistaken belief that an order is final. However, the State has not directed our attention to any Illinois case adopting such a construction of Rule 303(a)(1). There is no conflict or disarray in the law, and an authoritative determination from this court is clearly not warranted at this time. Accordingly, the State has failed to clearly demonstrate the second prong of the public interest exception.

The State contends that, without an authoritative opinion from this court, it will not know when to file a notice of appeal in a sexually violent persons case and will be left with a "Hobson's choice." The State notes that a party can lose its right to appeal by filing a notice of appeal too late or too early. However, as respondent points out, any time a party is genuinely confused about which of a court's orders is the final order, it may always protect itself by filing multiple notices of appeal. See, *e.g.*, *Eclipse Manufacturing*, 381 Ill. App. 3d at 131 (party filed "protective" notice of appeal after oral announcement of decision and second notice of appeal after written judgment entered). Thus, there is no "Hobson's choice," and the fact that a party who is genuinely confused about what constitutes a final order has an avenue to protect itself from losing its right to appeal militates against this court issuing a purely advisory opinion.

## CONCLUSION

This appeal is moot, and the State has failed to show clearly the requisite factors for invoking the public interest exception. Accordingly, we dismiss the appeal as moot, and we vacate the

judgment of the appellate court, as the appeal before that court was likewise moot.

*Appellate court judgment vacated;*
*appeal dismissed.*

JUSTICE BURKE took no part in the consideration or decision of this case.