NOTICE
Decision filed 11/18/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230841-U

NO. 5-23-0841

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DENNON W. DAVIS, M.D., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 22-MR-73 |
| | ) | |
| SOUTHERN ILLINOIS HOSPITAL SERVICES and | ) | |
| SOUTHERN ILLINOIS MEDICAL SERVICES, NFP, | ) | Honorable |
| | ) | Jeffrey A. Goffinet, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the issue regarding the employment agreement and its included restrictive covenant has become moot, we dismiss that portion of the appeal. The trial court's award of attorney fees to the plaintiff is affirmed.

¶ 2    Southern Illinois Hospital Services (SIHS) and Southern Illinois Medical Services, NFP (SIMS) appeal from the trial court's September 5, 2023, order which (1) found that a letter SIHS sent to Dennon W. Davis, M.D. (Dr. Davis) on June 1, 2022, stating SIMS's intent not to renew its employment agreement with Dr. Davis which was set to contractually end on October 31, 2022, amounted to a termination of the contract; (2) *sua sponte* determined that a restrictive covenant within the employment agreement was unreasonable; and (3) awarded Dr. Davis attorney fees. We affirm the award of attorney fees to Dr. Davis and find that the remaining issues are moot.

1

¶ 3                                    I. BACKGROUND

¶ 4      Dr. Davis is an Illinois licensed physician who is board certified in family medicine. Southern Illinois Hospital Services (SIHS) is a not-for-profit health system that owns hospitals, a cancer center, and multiple medical practices. Southern Illinois Medical Services, NFP (SIMS) is a not-for-profit entity that employs physicians who provide services at the facilities owned by SIHS.

¶ 5      Dr. Davis and SIMS entered into an employment agreement on October 31, 2011, in which he agreed to provide medical services to patients on behalf of SIMS. Pursuant to the employment agreement, Dr. Davis was assigned to a practice in West Frankfort. The initial term of the employment agreement was five years, with two automatic extensions of three years each unless between 90 and 120 days before the initial agreement or either of the extensions expired Dr. Davis or SIMS sent the other a notice of intent not to renew the agreement. Neither party opted out of the two automatic extensions.

¶ 6      On June 1, 2022, Darrell Bryant, vice president and chief operating officer of SIHS, sent Dr. Davis a letter on behalf of SIMS to remind him that the employment agreement was scheduled to end on October 31, 2022. The letter was captioned as a "120-day notice of EMPLOYMENT AGREEMENT TERMINATION" and stated, *inter alia*, "please accept this letter as SIMS's notice of termination of the agreement without cause," and that SIMS would be presenting him with a new agreement for "future employment under new terms."

¶ 7      Dr. Davis and SIMS attempted to negotiate a new employment agreement in the late summer/early fall of 2022. On October 27, 2022, Dr. Davis notified SIHS that he intended to cease negotiations and would not be entering into a new employment agreement. The employment agreement thus expired on October 31, 2022.

¶ 8 On October 28, 2022, SISH's general counsel sent Dr. Davis a letter indicating SIMS's intent to enforce its covenant not to compete clause in the employment agreement. Section 6.1 of this agreement contained a restrictive covenant of two years' duration and restricted Dr. Davis from "(i) practicing medicine within 25 miles of his primary practice site with SIMS, and (ii) serving as a healthcare consultant, medical director or advisor within 25 miles of his primary practice site with SIMS."

¶ 9 On November 4, 2022, Dr. Davis filed this declaratory judgment case against SIHS and SIMS asking the trial court not to enforce the covenant not to compete. He does not dispute that SIMS fully performed its obligations under the employment agreement until its conclusion on October 31, 2022. He does not dispute that the employment agreement contained a covenant not to compete clause. Dr. Davis argues that the letter sent by SIHS's counsel on June 1, 2022, amounted to a termination of the employment agreement. Thus, he contends that SIMS cannot enforce the restrictive covenant because of the express terms of section 5.1 of the contract:

> "This agreement shall automatically renew for two (2) successive terms of three (3) years each (the 'Renewal Term'), unless this Party delivers to the other Party written notice of its intent not to renew this agreement at any time between one hundred twenty (120) days and ninety (90) days prior to the end of the Initial Term or the then applicable Renewal Term or unless this Agreement is terminated earlier pursuant to this <u>Section</u> 5 [Termination by Corporation for Cause]."

In short, Dr. Davis contends the letter sent to him by counsel for SIHS on June 1, 2022, terminated his employment agreement before its natural expiration date of October 31, 2022. He relies upon to section 6.1 of the employment agreement which states that SIMS "shall not enforce the Non-

Competition Covenant if either party gives notice of non-renewal of this Agreement pursuant to Section 5.1."

¶ 10    Both Dr. Davis and SIHS/SIMS filed motions for summary judgment. On July 24, 2023, the trial court granted Dr. Davis's motion for summary judgment finding that the June 1, 2022, letter terminated the employment agreement as a matter of law before the agreement's completion date, was a material breach of the contract, and thus, relieved Dr. Davis of the covenant not to compete. Although Dr. Davis failed to allege that the restrictive covenant was unreasonable, the trial court *sua sponte* made that determination.

¶ 11    On August 17, 2023, Dr. Davis filed his motion for attorney fees and costs. On September 5, 2023, the trial court granted the motion and awarded Dr. Davis $10,390.25. SIHS and SIMS appeal from both court orders.

¶ 12                                II. ANALYSIS

¶ 13    At issue are the terms of the employment agreement between Dr. Davis and SIMS and whether the restrictive covenant was enforceable. However, we are unable to address the merits of these issues because they have become moot. "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. "As a general rule, courts of review in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). "This court will not review cases merely to establish a precedent or guide future litigation." *Madison Park Bank v. Zagel*, 91 Ill. 2d 231, 235 (1982). "When a decision on the merits would not result in appropriate relief, such a decision would essentially be an advisory opinion." *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 10. The

4

employment agreement expired by its own terms on October 31, 2022. The duration of the restrictive covenant was two years, which expired on October 31, 2024. Accordingly, Dr. Davis is free to practice wherever his medical license allows. Since events have occurred that make it impossible for this court to grant effectual relief, this portion of the appeal has been rendered moot and is dismissed.

¶ 14 Parties are generally responsible for their own legal fees. *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276, 281 (2001). "Contractual provisions for an award of attorney fees must be strictly construed, and the court must determine the intention of the parties regarding the payment of fees." *Id.* Generally, "the construction, interpretation, or legal effect of a contract is a matter to be determined by the court as a question of law." *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 129 (2005) (citing 12A Ill. L. & Prac. *Contracts* § 264, at 107 (1983)). On appeal, we consider the issue *de novo*. *Id.* (citing *Hessler v. Crystal Lake Chrysler-Plymouth, Inc.*, 338 Ill. App. 3d 1010, 1017 (2003)).

¶ 15 Here, section 7.1 of the employment agreement provided: "In case of an enforcement action arising under or related to this Agreement, the prevailing Party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements in addition to any other relief to which it may be entitled." SIHS and SIMS argue that Dr. Davis was not entitled to attorney fees as a "prevailing party" because of the explicit wording of section 7.1 of the agreement mandating that the legal action must be an *enforcement* action pursuant to the agreement. Specifically, Dr. Davis was not seeking to enforce any provision of the agreement in his declaratory judgment suit. Instead, he asked the court to find that the restrictive covenant was not applicable.

¶ 16 The trial court admitted in its judgment that using the plain and ordinary meaning of the term "enforcement action," Dr. Davis would not be eligible for an award of attorney fees because

5

he was asking the court to find the restrictive covenant *unenforceable*. However, it then concluded that because SIMS sought declaratory and injunctive relief in its counterclaim, those requested forms of relief constituted enforcement actions against Dr. Davis, and since Dr. Davis was defending against this injunctive relief and prevailed, he was therefore entitled to an award of attorney fees. SIHS and SIMS conceded that Dr. Davis was not in violation of the restrictive covenant. We agree with the trial court.

¶ 17                                          III. CONCLUSION

¶ 18    For the foregoing reasons, we dismiss the portion of the appeal regarding the employment agreement and restrictive covenant as moot, and we affirm the trial court's award of attorney fees award in favor of Dr. Davis.


¶ 19    Dismissed in part and affirmed.