2025 IL App (1st) 240045

No. 1-24-0045

First Division
August 25, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Order of Judgment and Sale Against Real Estate Returned Delinquent for the Nonpayment of Three or More Years Remaining Due and Unpaid | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Illinois Tax Auction, LLC, Petitioner-Appellee, v. Stephanie D. Roddy, Respondent-Appellant). | ) ) ) ) ) ) ) ) | No. 2022 COTD 001090  Honorable Tracie R. Porter, Judge, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment and opinion.

## OPINION

¶ 1 Petitioner-appellee Illinois Tax Auction, LLC (ITA), purchased respondent-appellant Stephanie D. Roddy's delinquent property taxes on real estate located at 2470 East 75th Street at

a scavenger sale held by the plaintiff-appellee Cook County Treasurer. ITA filed a petition for a tax deed in the circuit court of Cook County, and Roddy answered the petition and filed a class action counterclaim. Subsequently, ITA filed a motion to vacate the tax sale as a sale in error due to defective service. On January 4, 2024, the circuit court granted ITA's motion, vacated the tax sale, denied Roddy's counterclaim as moot, and dismissed the case. On appeal, Roddy argues that (1) her counterclaim is not moot where she has a valid claim for injunctive relief, damages, and attorney fees; (2) the circuit court erred in summarily determining her counterclaim was moot without a motion or notice; and (3) the Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2022)) provisions for issuance of tax deeds are unconstitutional under *Tyler v. Hennepin County*, 598 U.S. 631 (2023). For the reasons that follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Before we set forth the procedural history, we first provide the procedure for real property tax sales as set forth in the relevant provisions of the Property Tax Code in effect at the time of these proceedings.

¶ 4     The Property Tax Code provides for different types of tax sales for the purpose of collecting property taxes and enforcing tax judgments. In addition to annual tax sales (35 ILCS 200/21-15, 21-110 (West 2022)) and forfeiture sales (*id.* § 21-225), the Property Tax Code provides for a scavenger sale, which must be held at least every two years (*id.* § 21-145). At a scavenger sale, the tax buyer may pay less than the full amount of taxes owed on a property at the time of the sale, but all property must be purchased at a minimum bid set forth in the statute. *Id.* 21-60(a). If an error occurs in relation to a tax sale, the Property Tax Code allows for the court to declare the sale a "sale in error." *Id.* § 21-310.

¶ 5    On February 22, 2022, at the Cook County scavenger tax sale, the county collector sold the subject property to ITA for $30,000 plus fees for a total of $30,220. The certificate of purchase showed that Roddy was delinquent in paying property taxes on the subject property from 2009 to 2018, resulting in a principal amount of $164,847.48.

¶ 6    On July 8, 2022, ITA filed a petition in the circuit court of Cook County for a tax deed regarding the subject property. The last day to redeem the property was December 30, 2022.

¶ 7    On November 14, 2023, ITA filed an application for an order directing the Cook County Clerk to issue the tax deed for the property, as the redemption date had passed and Roddy had made no attempt to redeem the property.

¶ 8    On November 28, 2023, Roddy filed an answer to ITA's petition as well as a class action counterclaim, both alleging that the tax sale provisions of the Property Tax Code are facially unconstitutional. Roddy named as "counterdefendants" ITA and the various county and state officials responsible for the administration of the property tax sale system (namely, plaintiffs-appellees Maria Pappas, as Cook County Treasurer; Karen A. Yarbrough, as Cook County Clerk; the City of Chicago, the Illinois Department of Revenue, and the Attorney General of Illinois). The counterclaim specifically alleged that the fifth amendment of the United States Constitution (U.S. Const., amend. V) was violated pursuant to *Tyler v. Hennepin County*, 598 U.S. 631, because "taxpayers are not required and cannot be compelled to pay or surrender more than they owe in taxes" and the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) was violated because the Property Tax Code "imposes excessive fines and penalties." Roddy sought damages, injunctive relief, and attorney fees. At the same time, she also filed a motion for class certification.

¶ 9    On December 19, 2023, ITA filed a motion to vacate the tax sale as a "sale in error" pursuant to 21-310(a)(5) of the Property Tax Code (35 ILCS 200/21-310(a)(5) (West 2022)). The motion provided that the Cook County Sheriff failed to perfect service on an interested party during the service period of the tax deed proceedings. Thus, ITA requested that the court enter an order declaring a sale in error and that ITA be issued a refund for the amount paid at the tax sale. While that motion was pending, on December 22, 2023, Roddy filed a motion to transfer the proceedings to the Chancery Division.

¶ 10    On January 4, 2024, the circuit court conducted a hearing on ITA's motion for sale-in-error. A transcript of this hearing was not included in the record on appeal, and an acceptable substitute was not submitted. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) ("The record on appeal shall also include any report of proceedings ***."); R. 323(c) (eff. July 1, 2017) (allowing for an appellant to file an acceptable substitute where there is no verbatim transcript of a proceeding). Roddy included the transcript as an exhibit with her opening brief, which is also in violation of our supreme court rules. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019) (appendix is limited to materials from the record). Despite her acknowledgement in her reply brief that the transcript was not properly made part of the record, Roddy never attempted to supplement the record with the transcript. See *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (appellant has the burden of presenting a sufficiently complete record on appeal). As such, we will not consider the transcript attached to Roddy's brief. See *In re R.M.*, 2022 IL App (4th) 210426, ¶ 21 (attachments to briefs cannot be used to supplement the record on appeal, and a reviewing court cannot consider evidence that is not part of the record).

¶ 11    At the end of the hearing, the court entered an order, granting ITA's sale-in-error motion, vacating the tax sale, directing the County treasurer to refund ITA the amount paid at the tax sale, denying Roddy's motions as moot, and dismissing the case.

¶ 12    Following the entry of the sale-in-error order, ITA surrendered its certificate of purchase to Cook County. On January 12, 2024, Cook County refunded the amount ITA had paid at the scavenger sale.

¶ 13    This appeal followed.

¶ 14                                 II. ANALYSIS

¶ 15    On appeal, Roddy argues that (1) her counterclaim is not moot where she has a valid claim for injunctive relief, damages, and attorney fees, (2) the circuit court erred in summarily determining her counterclaim was moot without a motion or notice, and (3) the Property Tax Code provisions for issuance of tax deeds are unconstitutional under *Tyler*, 598 U.S. 631.

¶ 16    "Whether a court's mootness determination is correct is a legal issue subject to *de novo* review." *In re V.S.*, 2025 IL 129755, ¶ 54. Because the primary issue on appeal is reviewed *de novo*, Roddy's failure to include in the record on appeal the transcript from the January 4, 2024, hearing before the circuit court does not affect our review. See *Friedl v. Airsource, Inc.*, 323 Ill. App. 3d 1039, 1042 n.2 (2001) (when review is *de novo*, "the report of proceedings providing the rationale for the trial court's dismissal is not essential to our disposition").

¶ 17    Before explaining our agreement with the trial court's mootness ruling, we first address Roddy's claim of procedural error for the circuit court to find her counterclaim moot without a motion or prior notice. Roddy provides no support for her claim; rather, she merely asserts, without any citation, that a claim of mootness must be brought in a section 2-619 motion (see 735 ILCS

5/2-619 (West 2022)). See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***.").

¶ 18    Although this conclusory argument should be forfeited, it is easily refuted. Our supreme court has recognized that a trial court is permitted to act on its own and dispose of a matter where the requesting party is not entitled to relief as a matter of law and notice and opportunity to be heard are not prerequisites in such instances. *People v. Vincent*, 226 Ill. 2d 1, 12 (2007); see *Hundley v. WPD Management, LLC*, 2023 IL App (1st) 230075, ¶ 13 ("the concept of standing is so basic that a judge may raise the issue *sua sponte*"). The United States Supreme Court has also stated that "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, the court here was permitted to *sua sponte* dismiss the case where an intervening circumstance, *i.e.*, the sale-in-error, deprived Roddy of a personal stake in the lawsuit and effectively defeated any claim as a matter of law. And, as we explain below, the court correctly determined that the case was moot.

¶ 19    As to the issue of mootness, Roddy specifically argues that her counterclaim seeking injunctive relief, damages, and attorney fees is not moot because the circuit court's grant of the sale-in-error motion "did not prevent future tax sales" where the motion "did not claim that the taxes had been paid or that [Roddy] was no longer under threat of enforcement of the challenged provisions of the Property Tax Code." In the alternative, she contends that the public interest exception to the mootness doctrine is applicable here.

¶ 20    "An appeal is moot if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief." *In re Marriage*

*of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005). Generally, reviewing courts will not decide "abstract, hypothetical, or moot questions." *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003). "The existence of a real dispute is not a mere technicality but, rather, is a prerequisite to the exercise of this court's jurisdiction." *Peters-Farrell*, 216 Ill. 2d at 291. A party cannot satisfy the jurisdictional requirement of standing "where the underlying issues of the case are moot or premature." *Sharma v. Zollar*, 265 Ill. App. 3d 1022, 1027 (1994).

¶ 21    We conclude that the circuit court properly dismissed the case as moot because there was no longer an actual controversy between the parties. The record shows that after ITA realized that the sheriff had failed to comply with the statutory notice requirements, it filed a motion requesting that the court declare the tax sale a "sale in error" in accordance with section 21-310(a)(5) of the Property Tax Code (35 ILCS 200/21-310(a)(5) (West 2022)). The court granted that motion and vacated the sale; ITA surrendered its certificate of purchase to Cook County; Cook County refunded to ITA the amount paid at the scavenger sale; and the court dismissed the entire case, including Roddy's class counterclaim, as moot. Because there was no longer a tax proceeding pending against Roddy and because she had not lost her property or any equity in her property by virtue of the scavenger sale, there was no actual controversy and there was no effectual relief that could be granted to Roddy at that point. She had been returned to the position she was in prior to the scavenger sale and no deprivation had occurred. As such, there was no real dispute before the circuit court.

¶ 22    Additionally, "[w]e do not review cases merely to guide future litigation or to set precedent." *Balmoral Racing Club, Inc. v. Illinois Racing Board*, 151 Ill. 2d 367, 387 (1992). The gist of Roddy's constitutional challenges is that the Property Tax Code allows tax buyers, like ITA, to purchase a tax deed to real property that is valued higher than the tax debt, and this constitutes

an unconstitutional "taking" under the fifth amendment and pursuant to *Tyler*. Because the circuit court has properly vacated the tax sale and ITA has not obtained a tax deed to Roddy's property, regardless of whether the property is valued higher than the amount of her owed taxes, there can be no taking. The alleged issue upon which her constitutional challenges were based no longer exists, and a determination of the constitutionality of the Property Tax Code would effectively be an impermissible advisory opinion. See *In re Estate of Wellman*, 174 Ill. 2d 335, 353 (1996) ("Where the issues involved in the trial court no longer exist, an appellate court will not review the cause merely to decide moot or abstract questions, to determine costs, or to establish a precedent."); *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009) (reviewing courts do not render advisory opinions).

¶ 23    Further, "[a] mooted action should be dismissed out of 'concern that parties to a resolved dispute lack a sufficient personal stake in the outcome to assure that there is an adversarial relationship that sharpens the presentation of issues upon which the courts largely depend for illumination of difficult questions.' " *Hanna v. City of Chicago*, 382 Ill. App. 3d 672, 677 (2008) (quoting *Fisch v. Loews Cineplex Theatres, Inc.*, 365 Ill. App. 3d 537, 539 (2005)). That concern is relevant here, where ITA, which has surrendered the certificate of purchase and has been refunded the amount paid at the tax sale, no longer has any "personal stake" in the resolution of Roddy's constitutional challenges. Certainly, it may "provide governance for future actions" should ITA make a similar purchase at another tax sale; however, that is not sufficient to create an actual controversy nor to engender a vigorous defense against Roddy's counterclaim. See *People ex rel. Ulrich v. Stukel*, 294 Ill. App. 3d 193, 198 (1997) ("Courts have a responsibility to decide actual controversies by rendering judgments that can be carried into effect; a court should not resolve a question simply to set precedent or to provide governance for future actions.").

¶ 24     We are also not persuaded by Roddy's plea for injunctive relief, claiming that because she "still owes taxes," she could be subject to a future tax sale, and, as such, the case is not moot. First, were we to agree, that would mean that all individuals who currently owe property taxes have suffered an injury and have standing to challenge the constitutionality of the Property Tax Code because they are *at risk* of being subject to a county tax sale. That would be an absurd result and is simply not tenable. Second, it is entirely speculative whether Roddy's tax debt will be subject to another tax sale. For instance, Roddy could pay the taxes; the taxes, even if included at another county tax sale, may not be purchased by anyone; and even if they are purchased, there is no guarantee that she will not be reimbursed for the amount in equity in excess of her tax liability. Therefore, Roddy's constitutional challenges fall more squarely into the category of hypothetical questions where the "threat" of a future tax sale is neither imminent nor particularized. See *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782, ¶ 25 (standing requires an injury that is concrete, particularized, and actual or imminent (citing *Clapper v. Amnesty International USA*, 568 U.S. 398, 409 (2013))).

¶ 25     In her brief, Roddy also recites the principle that, in class actions, a case is moot if a tender is made before a class certification motion is filed. She then goes on to state that ITA and the county officials "did not tender anything." It seems to this court that Roddy is utilizing this principle to claim that a class action case can only be mooted where a party has tendered the full requested relief. However, that is not the significance of this principle. Rather, its purpose is to prevent the opposing party from artificially creating mootness by making only the named plaintiff of a class whole. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 457 (2011). In any case, we explain why Roddy's filing of the motion for class certification does not avoid a mootness finding.

¶ 26    Where the named representative of a class has filed a motion for class certification prior to when the opposing party made its tender, the case is not moot, and the circuit court should hear and decide the motion for class certification before deciding whether the case is mooted as a result of the tender. *Id.* at 456-57. " 'Tender' is an unconditional offer of payment consisting of the actual production of a sum not less than the amount due on a particular obligation." *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1032 (1999). There can be no doubt that ITA's admission that the tax sale did not follow the statutory notice requirements and its request that the court vacate the sale as in error is not a "tender." Although Roddy may have been returned to the position she was in prior to the scavenger sale, it cannot be said that she received the relief requested from ITA or the county officials where ITA's motion to vacate the sale was unrelated to her constitutional counterclaim. Because there was no tender, the motion for class certification does not protect the case from being mooted. Thus, it was appropriate for the court to vacate the tax sale and dismiss the case as moot.

¶ 27    Roddy next contends that ITA, the county officials, and the circuit court failed to address her claim for attorney fees. To the extent that Roddy argues that her claim of attorney fees negates a finding of mootness, we reject that contention as well. This court has held that requests for costs and attorney fees are "an ancillary issue" that does not "rescue the substantive issue from mootness." *Hanna*, 382 Ill. App. 3d at 677 (citing *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 782-83 (1999)). The United States Supreme Court has similarly stated that an "interest in attorney's fees is *** insufficient to create *** [a] case or controversy where none exists on the merits of the underlying claim." *Continental Bank Corp.*, 494 U.S. at 480; see *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 452 (1st Cir. 2009) ("[A] party's interest in recouping attorney's fees does not create a stake in the outcome sufficient to resuscitate an otherwise moot

controversy."). For these reasons, we conclude that Roddy's request for attorney fees has no effect on the mootness of this case. Additionally, to Roddy's point that the court "did not address" her claim of attorney fees and damages, we note that she did not file a motion to reconsider in order to bring those concerns to the circuit court's attention. She also did not file a petition for attorney fees, and there is no court order specifically denying attorney fees. As such, there is nothing for this court to review regarding attorney fees.

¶ 28    A moot appeal must be dismissed unless an exception to the mootness doctrine applies. *People v. Dawson*, 2020 IL App (4th) 170872, ¶ 20 (citing *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 21). Roddy argues that the public interest exception to the mootness doctrine should be applied here because tax buyers will continue to enforce challenged provisions of the Property Tax Code, despite the issuance of the *Tyler* decision. An exception to mootness may apply under three circumstances: "(1) when resolution is in the public's interest, (2) where the issue is capable of repetition yet evading review, and (3) where collateral consequences to the appellant arise from the judgment." *In re V.S.*, 2025 IL 129755, ¶ 54. The public interest exception, which Roddy invokes here, "allows a court to consider an otherwise moot case when (1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question." *In re Alfred H.H.*, 233 Ill. 2d at 355. This exception should only be utilized on " 'rare occasions' when there is an extraordinary degree of public interest and concern." *Commonwealth Edison*, 2016 IL 118129, ¶ 13 (quoting *People ex rel. Partee v. Murphy*, 133 Ill. 2d 402, 410 (1990)).

¶ 29    Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellant's brief to contain argument supported by citation to authority and to the record. "Issues that are ill-defined

and insufficiently presented do not satisfy the rule and are considered waived." *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 6. Other than stating the general principles of mootness, Roddy does not expound further on her argument for application of the public interest exception. Neither does she make any attempt to show that she has satisfied the three criteria for application of this exception. In her reply brief, she responds to appellees' arguments against application of this exception by merely stating that "[t]hese arguments are not persuasive" and the issue involved here is "widespread and one of first impression." Again, she fails to provide a thorough argument as to how the three criteria of the public interest exception have been satisfied. "Statements unsupported by argument or citation of relevant authority do not merit consideration on review." *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991). The appellate court is "not a depository in which the burden of argument and research may be dumped" (*Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80). As such, Roddy's unsupported argument is forfeited. See *Alms v. Peoria County Election Comm'n*, 2022 IL App (4th) 220976, ¶ 28 ("Where an appellant fails to present a cogent argument, that argument is forfeited.").

¶ 30    In any case, the second criterion for the public interest exception, *i.e.*, the desirability of an authoritative determination to guide public officers, is quite clearly not satisfied here. "In deciding the need for an authoritative determination, this court looks to whether the law is in disarray or conflicting precedent exists." *Commonwealth Edison*, 2016 IL 118129, ¶ 16. The supreme court has stated that there is no conflict or disarray in the law where the case is of first impression. *Id.* This case, which Roddy claims is one of first impression, can, therefore, not satisfy this criterion. Because a clear showing of each criterion is required, we conclude that, even were this argument not forfeited, it would nonetheless fail, as Roddy cannot establish the second criterion. See *Maday v. Township High School District 211*, 2018 IL App (1st) 180294, ¶ 53.

¶ 31 In conclusion, we agree with the circuit court's determination that these tax sale proceedings and Roddy's counterclaim were moot as a result of the tax sale being declared a sale in error. Having determined that dismissal was proper based on mootness, we need not address the merits of Roddy's underlying constitutional challenges to the Property Tax Code. See *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 34 (constitutional issues should be addressed only in such instances where it is necessary to decide the case). As we find no error, we affirm the circuit court's judgment.

¶ 32                                III. CONCLUSION

¶ 33 For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 34 Affirmed.

---

***In re Application of the County Treasurer & ex officio County Collector of Cook County,*
2025 IL App (1st) 240045**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2022-COTD-001090; the Hon. Tracie R. Porter, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Daniel A. Edelman, of Edelman, Combs, Latturner & Goodwin, LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein, Jonathon D. Byrer, and Sarah Cunningham, Assistant State's Attorneys, of counsel), for appellee Cook County Collector.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Evan Siegel, Assistant Attorney General, of counsel), for appellee Illinois Department of Revenue.<br><br>Gregory Reiter and Lynnette Lockwitz, of Reiter Law Offices, Ltd., of Chicago, for appellee Illinois Tax Auction, LLC.<br><br>No brief filed for appellee City of Chicago. |